UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| MARIA GREGG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 2:12-CV-228-TAV-HBG |
| | ) | |
| PROFESSIONAL TRANSPORTATION, INC., | ) | |
| a/k/a PTI, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION & ORDER**

This civil matter is before the Court on defendant's Renewed Motion for Judgment as a Matter of Law [Doc. 66], in which defendant moves for entry of judgment as a matter of law pursuant to Rule 50 of the Federal Rules of Civil Procedure as to plaintiff's sexual harassment claim. Plaintiff submitted a response [Doc. 73], to which defendant submitted a reply [Doc. 75]. Having reviewed the arguments of the parties and the record in this case, defendant's motion [Doc. 66] will be denied.

**I.    Background[1]**

Plaintiff filed this matter in 2012 alleging that she was subject to a hostile work environment during the course of her employment with defendant and that she was terminated as a result of reporting this harassment to her supervisors, all in violation of Title VII [Doc. 1]. Defendant moved for summary judgment as to both claims [Doc. 11],

---

[1] Although discussed to the extent relevant for the purposes of this motion, the Court presumes familiarity with the facts of this case.

which was denied by the Court in a Memorandum Opinion and Order entered January 21, 2014 [Doc. 40]. This matter then proceeded to trial on March 31, 2014. At the conclusion of plaintiff's proof, defendant moved for judgment as a matter of law, which was properly renewed. The Court issued an oral ruling denying defendant's motion, finding that plaintiff had presented sufficient evidence as to both her hostile work environment and retaliation claims. On April 2, 2014, the jury found in favor of plaintiff on her hostile work environment claim but found in favor of defendant on plaintiff's retaliation claim [*See* Doc. 64].

In defendant's renewed motion, defendant argues that it is first entitled to judgment as a matter of law because plaintiff cannot show that the treatment she received from defendant's employees Erin Kelly and James Thomason was pervasive or severe enough so as to create a hostile work environment, given that she was not threatened, was not subjected to physical harassment, and not subjected to harassment for an extended period of time. Defendant also submits that, as a matter of law, defendant took prompt and appropriate corrective action, shielding it from liability for the harassment of its employees. Finally, defendant argues that the October 2009 incident of harassment is time-barred. Plaintiff responds that the Court correctly found at the summary judgment stage that there was sufficient evidence to present her case to the jury, and that the jury properly found defendant liable.

2

## II. Analysis

Rule 50 of the Federal Rules of Civil Procedure permits a motion for judgment as a matter of law to be renewed within twenty-eight days of the entry of judgment. Fed. R. Civ. P. 50(b). "In ruling on the renewed motion, the court may: (1) allow judgment on the verdict, if the jury returned a verdict; (2) order a new trial; or (3) direct the entry of judgment as a matter of law." *Id.* In order to be successful, the movant must show that a "reasonably jury would not have a legally sufficient evidentiary basis" to find for the non-moving party. *Id.* In considering this question, "'[t]he evidence should not be weighed. The credibility of the witnesses should not be questioned. The judgment of this court should not be substituted for that of the jury.'" *Schwartz v. Sun Co., Inc. (R&M)*, 276 F.3d 900, 903 (6th Cir. 2002) (quoting *K&T Enters., Inc. v. Zurich Ins. Co.*, 97 F.3d 171, 175-76 (6th Cir. 1996)). Rather, the court "must 'view the evidence in the light most favorable to the party against whom the motion is made, drawing from that evidence all reasonable inferences in his favor.'" *Id.* (quoting *Riverview Invs., Inc. v. Ottawa Cmty. Improvement Corp.*, 899 F.2d 474, 482 (6th Cir. 1990)).

### A.     Whether Defendant's Employee's Conduct was Severe or Pervasive

Defendant first argues that it is entitled to summary judgment as a matter of law because plaintiff did not present sufficient evidence showing that the conduct of defendant's employees was severe or pervasive enough to constitute a hostile work environment, the fourth element in proving her prima facie case. *See Blankenship v. Parke Care Ctrs., Inc.*, 123 F.3d 868, 872 (6th Cir. 1997) (noting that plaintiff must prove

3

that the harassment had the effect of unreasonably interfering with her work performance and created an objectively intimidating, hostile, or offensive work environment). In proving this element, plaintiff was required to produce evidence showing that the conduct was "severe or pervasive enough to create an environment that a reasonable person would find hostile or abusive" and that she subjectively regarded the environment as "abusive." *Bowman v. Shawnee State Univ.*, 220 F.3d 456, 463 (6th Cir. 2000). In evaluating this element the court must consider all of the circumstances, and a work environment viewed in its totality may satisfy the standard even if no single episode rises to the level of a hostile work environment. *Thornton v. Fed. Express Corp.*, 530 F.3d 451, 455 (6th Cir. 2008); *Williams v. Gen. Motors Corp.*, 187 F.3d 553, 564 (6th Cir. 1999).

Upon review of the record in this case, the Court finds that there was a sufficient evidentiary basis upon which the jury could return a verdict in favor of plaintiff. Plaintiff presented evidence that on two different occasions her co-workers discussed sexual topics in a rude and offensive manner. In addition, plaintiff presented evidence that when she first reported both instances of misconduct to her immediate supervisor, she was told to forget about the matter and was pressured into not reporting what had occurred. At trial, plaintiff testified extensively as to the effect the sexually explicit had on her, both mentally and emotionally, evidencing that she subjectively regarded the environment as hostile. Plaintiff's daughter also testified as to what occurred in October 2009, as well as the effect it had on her, which along with evidence of what was said and defendant's response, could lead a reasonable juror to conclude that the environment was objectively

4

hostile. In light of this evidence, and given the frequency of the offensive comments and defendant's delayed response, the Court finds that the matter was sufficient for the jury to find in plaintiff's favor.

Defendant devotes much of its brief citing to various cases where other district courts or appellate courts found that the conduct at issue was not severe or pervasive. The Court notes, however, that these cases were at the summary judgment stage, where the relevant question was whether there was a genuine issue of material fact making a trial necessary, rather than whether there was a "sufficient evidentiary basis" to support the jury's finding under Rule 50. More importantly, the Court notes that the facts of this case are largely inapposite of the cases cited, whether in the degree of harassment suffered by the plaintiff, the duration of the harassment, or the position of the person harassing. This reflects the Sixth Circuit's holdings that "whether harassing conduct is sufficiently severe or pervasive to establish a hostile work environment is not susceptible to a 'mathematically precise test,'" but instead depend on the circumstances of each case. *Hawkins v. Aneuser-Busch, Inc.*, 517 F.3d 321, 333 (6th Cir. 2008) (quoting *Abelta v. Transam. Mailings, Inc.*, 159 F.3d 246, 250 (6th Cir. 1998)). In this case, the Court finds that there was a sufficient evidentiary basis for the jury's finding that the conduct was severe and pervasive.

**B.     Whether Defendant Failed to Implement Appropriate Action**

The Court reaches the same conclusion with respect to defendant's next argument, that plaintiff did not present sufficient evidence to show defendant failed to implement

5

appropriate corrective action after learning of the February 2010 incident, in light of its investigation and subsequent discipline of the individuals involved. As discussed in the Court's initial ruling on this argument, the Court finds that there was evidence that the corrective action taken in October 2009 was ineffective and/or inappropriate, in light of the conduct that occurred in February 2010. While defendant focuses entirely on defendant's reaction to the February 2010 incident, after the first time plaintiff was subject to offensive comments, she was told by her supervisor not to report the conduct or to otherwise make trouble for herself and others. In light of this, and for the reasons discussed in the Court's previous ruling, the Court finds that the matter was sufficiently presented so as to be decided by the jury. Defendant relies on various cases to support its position, but again, the Court notes that the facts in those cases differ from the facts of this case and were decided at the summary judgment stage, rather than in the context of a Rule 50(b) motion after a verdict has been entered by a jury.

    **C.**    **Whether the October 2009 Incident is Time-Barred**

Defendant argues that the October 2009 incident by defendant's employees, wherein the employees discussed various sexual acts and preferences, as well as violent sex acts, are time-barred because they occurred outside the 300-day limitation period required under 42 U.S.C. § 2000e-5(e)(1). The Court finds however, that this argument has been previously raised and ruled upon, and thus does not support defendant's request for judgment as a matter of law based upon application of the law of the case doctrine.

6

"'The law of the case doctrine generally discourages courts from reconsidering determinations that the court made in an earlier stage of the proceeding.'" *Bowles v. Russell*, 432 F.3d 668, 677 (6th Cir. 2005) (quoting *United States v. Graham*, 327 F.3d 460, 464 (6th Cir. 2003)). "Issues decided at an early stage of the litigation, either explicitly or by necessary inference from the disposition, constitute the law of the case." *Bench Billboard Co. v. City of Covington, Ky.*, 547 F. App'x 695, 703 (6th Cir. 2013) (quotation marks omitted). The law of the case doctrine precludes reconsideration of a previously decided issue unless one of three "exceptional circumstances" is present: (1) where substantially different evidence is raised on subsequent trial; (2) where a subsequent contrary view of the law is decided by the controlling authority; or (3) where a decision is clearly erroneous and would work a manifest injustice." *Id.* (citation omitted).

In this case, the Court finds no reason to revisit the issue of whether the jury could consider the October 2009 incident in determining whether a hostile work environment existed. As noted in the Court's Memorandum and Opinion denying defendant's summary judgment, plaintiff's claim was based upon a series of events rather than discrete events, and this claim was substantiated by evidence at trial showing that she was subjected to additional harassment in February 2010 [*See* Doc. 40 at 19]. In addition to ruling on this issue in the course of denying defendant's summary judgment, the Court reiterated this ruling in disposing of a motion in limine filed by defendant prior to trial. In its present motion, defendant has not attempted to present additional evidence, point to

7

contrary Sixth Circuit or other controlling case law, or present any evidence that the Court's decision in this matter was clearly erroneous or would work a manifest injustice. Thus, the Court will decline to reconsider its previous ruling that the October 2009 incident is not time barred.

### III. Conclusion

For the reasons explained herein, defendant's Motion for Judgment as a Matter of Law [Doc. 66] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE